UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS DIAZ, | No. 2:24-cv-1417 DAD AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| K. BOTMI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Currently before the court is plaintiff's first amended complaint. ECF No. 14.

I.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

1  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4  Franklin, 745 F.2d at 1227-28 (citations omitted).
5      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
15 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16 cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).
18     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21 content that allows the court to draw the reasonable inference that the defendant is liable for the
22 misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).
27 ////
28 ////

II.   First Amended Complaint

The complaint alleges that defendants Botmi and Villanueva violated plaintiff's First and Eighth Amendment rights when they retaliated against him by denying him outdoor exercise on October 13, 21, 27, and 28, 2023.  ECF No. 14 at 3-4.  When they refused to release plaintiff for outdoor exercise, they mocked him and told him to "602 it" like he had done before.  Id.  The denial of outdoor recreation caused plaintiff mental anguish, and he suffered pain in his foot from kicking the door when defendants refused to let him out.  Id.

III.   Discussion

Plaintiff's allegations that Botmi and Villanueva denied him outdoor recreation while taunting him about his filing of grievances is sufficient to state a claim for retaliation and they will be required to respond to the allegations.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal).

However, while exercise is "one of the basic human necessities protected by the Eighth Amendment," LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993), "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation," May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  Plaintiff's general claim that he suffered "mental anguish" as a result of being denied outdoor recreation does not demonstrate that he experienced medical effects, nor does it demonstrate that defendants would have been aware that plaintiff was at risk for suffering from such effects given the limited denial.  Plaintiff's injury to his foot also does not establish that he suffered medical effects, as the injury was due to plaintiff kicking the door, not from the denial of outdoor exercise.  Accordingly, the allegations do not support an Eighth Amendment claim.

IV.   No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

3

cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the first amended complaint states a claim against defendants for retaliation but fails to state an Eighth Amendment claim. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given the additional facts provided by plaintiff, it does not appear that further amendment would result in a cognizable Eighth Amendment claim. As a result, leave to amend would be futile and the Eighth Amendment claim should be dismissed without leave to amend.

V.   Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that this case go forward on your retaliation claim and that the Eighth Amendment claim be dismissed without leave to amend.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The allegations of the first amended complaint state a claim for retaliation against defendants Botmi and Villanueva. Service is appropriate for these defendants.

2. E-service on defendants will be directed by separate order. Plaintiff should not complete service paperwork for these defendants unless ordered to do so by the court.

IT IS FURTHER RECOMMENDED that plaintiff's Eighth Amendment claim against defendants Botmi and Villanueva be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 15, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE